UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN BLAIR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-1574-JEB |

**CONSENT MOTION FOR ENTRY PROTECTIVE ORDER**

Defendants, District of Columbia, Officers Kevin Peralta, Claudy Toussaint, Aaron Smith, Kenan Thomas-Bartley, Sergeant Fabian Ferrera and Lieutenant Justin Roth, request that the Court enter the proposed Protective Order that accompanies this motion. Fed. R. Civ. Pro. 26(c). A protective order is necessary to maintain the confidentiality of certain information that will likely be requested by the parties in discovery. A memorandum of points and authorities and the proposed Protective Order are submitted with this motion.

**RULE 7(m) CERTIFICATE**

On December 11, 2023, Plaintiff's counsel gave his consent to this motion.

Dated: December 12, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BRIAN L. SCHWALB
　　　　　　　　　　　　　　　　　　　　Attorney General for the District of Columbia

　　　　　　　　　　　　　　　　　　　　STEPHANIE E. LITOS
　　　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　　Civil Litigation Division

*/s/ Chad Copeland*
CHAD COPELAND [982119]
Assistant Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General
Civil Litigation Division

/s/David A. Jackson
DAVID A. JACKSON [471535]
Senior Assistant Attorney General
Office of the Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6618 (Direct Line)
(202) 436-2598 (Mobile Number)
(202) 741-8999 (Fax)
davida.jackson@dc.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN BLAIR, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | Case No. 23-cv-1574-JEB |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' CONSENT MOTION FOR A PROTECTIVE ORDER

Defendants, District of Columbia (District), Officers Kevin Peralta (Officer Peralta), Claudy Toussaint (Officer Toussaint), Aaron Smith (Officer Smith), Kenan Thomas-Bartley (Officer Thomas-Bartley), Sergeant Fabian Ferrera (Sergeant Ferrera) and Lieutenant Justin Roth (Lieutenant Roth) (collectively, District Defendants or Individual Defendants) move this Court to approve and sign the proposed Protective Order (Order) that accompanies this motion. Fed. R. Civ. Pro. 26(c). As explained below, a protective order is appropriate here to maintain the confidentiality of certain personal and private information that has been and will be sought by the parties in discovery.

### NATURE OF THE CASE

This case arises out of an encounter between Plaintiff and the Individual Defendants on January 6, 2021 on or near the West Lawn of the U.S. Capitol. Plaintiff claims that be was beaten by Defendants and sustained serious physical injuries. Plaintiff asserts claims under 42 U.S.C. § 1984 for the use of excessive force in violation of the Fourth Amendment (Count One), assault and battery (Count Two) and negligence supervision and training (Count Three). During

3

discovery, Defendants expect that Plaintiff will seek records, such as police reports, personnel record and adverse action files and training records maintained by the MPD or the Office of Police Complaints (OPC).  Plaintiff expects that the Defendants my seek records relating to his criminal history.  Plaintiff also expects that Defendants will seek documents and information, such as medical and psychological records, relevant to Plaintiff claims for damages.

## ARGUMENT

Federal Rule of Civil Procedure 26(c) authorizes the Court to specify terms for the disclosure of discovery.  A protective order is necessary because Plaintiff is expected to seek discovery of confidential information, including, but not limited to, (1) confidential, non-public documents and information maintained by the MPD , (2) confidential, non-public documents maintained by the OPC and (3) confidential, non-public information in the personnel files of District of Columbia employees.  Indeed, Plaintiff has served interrogatories on each of the Individual Defendants and a request for production on the District.  Plaintiff is seeking each Defendants' date of birth, prior complaints of police misconduct, investigative files which may contain personal identifying information about Defendants, other police officers and civilian witnesses, Body Worn Camera (BWC), CCTV and social media footage, photographs of the Individual Defendants, police rosters, timecards, etc.

Personnel records are considered confidential by statute.  *See* D.C. Code §§ 1-631.01, *et seq.* and D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (requiring the confidentiality of personnel and medical records of District employees).  Office of Police Complaints (OPC) records are also confidential.  OPC records are protected by statute and regulation.  D.C. Code § 5-1107(h-2)(3) (requiring the OPC to keep "confidential the identity of all persons named in any documents transferred from the MPD" to OPC); § 5-11107

(h) ("The parties may agree in writing that a mediation agreement shall not be a public document and shall not be available to the public …"); CDCR § 6-A2114.4 and § 6-2115.7 (protecting from disclosure statements made during mediation); and § 6-2115.8 ("The parties shall not subpoena the mediator, or documents or records submitted to the mediator, for any later judicial or administrative proceedings related to the dispute …").  For OPC to fulfill its mission, it is imperative that members of the public as well as MPD members know that the information they provide to OPC will remain confidential.

Similarly, Plaintiff should expect that the Defendants will seek confidential, non-public documents maintained by medical and mental health providers.  Medical and mental health records are considered confidential and protected by federal privacy regulations issued by the Department of Health and Human Services at 42 C.F.R. §164.508 (HIPAA) and the District of Columbia's Mental Health Consumers' Rights Protection Act of 2001, D.C. Code §§ 7-1201, *et seq.*  Thus, a protective order will protect Plaintiff's right to privacy.

The proposed Protective Order (Order) provides a comprehensive framework for designating information as "confidential" under the Order.  *See generally* Protective Order.  In addition, paragraph five of the Order provides a mechanism by which a Party seeking to challenge another's confidentiality designation may do so with Court intervention as a last resort. *Id.* at ¶ 6.  This approach promotes judicial economy and the efficient use of the Parties' limited resources as it allows the parties, in the first instance to resolve disputes about the confidential nature of certain documents informally, without the burden and expense of repeatedly seeking relief from the Court.

For the reasons stated above, the proposed Order will satisfy the needs of the parties here by allowing them access to confidential but relevant information required to litigate this matter

while insuring that confidential information will not be placed in the public domain.  The Defendants therefore request that the Court enter the Protective Order that accompanies this motion.

| | |
|---|---|
| Dated December 12, 2023 | Respectfully submitted, |

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Chad Copeland*
CHAD COPELAND [982119]
Assistant Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General
Civil Litigation Division

/s/David A. Jackson
DAVID A. JACKSON [471535]
Senior Assistant Attorney General
Office of the Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6618 (Direct Line)
(202) 436-2598 (Mobile Number)
(202) 741-8999 (Fax)
davida.jackson@dc.gov