**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID ALAN BLAIR,

      Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.*,

      Defendants.

Case No. 23-cv-1574-JEB

## DEFENDANTS' CONSENT MOTION TO MODIFY THE SCHEDULING ORDER

Defendants District of Columbia, Lieutenant Justin Roth, Sergeant Fabian Ferrera, and Police Officers Kevin Peralta, Claudy Toussaint, Aaron Smith, and Kenan Thomas-Bartley request that this Court issue an order modifying the current scheduling order by extending all deadlines by sixty days. *See* Fed. R. Civ. P. 6(b)(1)(A) and (B); Scheduling Order, ¶ 8 [ECF 16]. Thus, fact discovery would reopen with the new fact discovery deadline set for March 11, 2024, and all subsequent deadlines would be continued accordingly.

A memorandum of points and authorities and a proposed order accompanies this motion.

## RULE 7(m) CERTIFICATE

On January 29, 2024, Plaintiff, through his attorney, consented to the relief sought in this motion.  LCvR 7(m).

Date:  January 31, 2024

                                     Respectfully submitted,

                                     BRIAN L. SCHWALB
                                     Attorney General for the District of Columbia

                                     STEPHANIE E. LITOS
                                     Deputy Attorney General
                                     Civil Litigation Division

*/s/ Charles J. Coughlin*
CHARLES J. COUGHLIN [1016993]
Chief, Civil Litigation Division, Section IV

*/s/ David A. Jackson*
DAVID A. JACKSON [471535]
Senior Assistant Attorney General
SARAH T. ABUTALEB [1779979]
Assistant Attorney General
Office of the Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6618 (Direct Line)
(202) 436-2598 (Cell Phone)
(202) 741-8999 (Fax)
davida.jackson@dc.gov
sarah.abutaleb@dc.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID ALAN BLAIR,

        Plaintiff,

        v.

DISTRICT OF COLUMBIA, *et al.*,

        Defendants.

Case No. 23-cv-1574-JEB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' CONSENT MOTION TO MODIFY THE SCHEDULING ORDER**

**INTRODUCTION**

Defendants requests that this Court issue an order modifying the current scheduling order

by extending the deadlines by sixty days.  This case arises from Plaintiff's claims through § 1983

for violation of constitutional rights, for assault and battery, and for negligent training and

supervision after an altercation occurred between him and officers on the West Lawn of the

Capitol on January 6, 2021.  *See* Am. Compl., generally.  As a result, Plaintiff claims he suffered

significant physical and mental pain and suffering, disfiguring scars from lacerations to his head,

lost income and earnings, and incurred medical costs.  *Id.* ¶ 17.

The deadline for fact discovery was January 9, 2024, but fact discovery has not been

completed and thus, Defendants seek an order resetting this deadline under Fed. R. Civ. P.

6(b)(1)(B).  The delay from the requested extension will be minimal and resulted from

inadvertent mis-calendaring of the conclusion of expert discovery as the conclusion of fact

discovery.  Additional time is needed to finish fact discovery before fruitful expert discovery can

3

take place, and Plaintiff consents to this motion.  Thus, the requested extension should be
granted.

## LEGAL STANDARD

This Court may extend the time to act upon the filing of a "motion made after the time
has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).
"'[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly
to omissions caused by circumstances beyond the control of the movant."  *Pioneer Investment
Services Company v. Brunswick Associates. Limited Partnership*, 507 U.S. 380, 392 (1993).  The
analysis considers "the danger of prejudice [to other parties], the length of the delay and its
potential impact on judicial proceedings, the reason for the delay, including whether it was
within the reasonable control of the movant, and whether the movant acted in good faith."
*Whiteru v. Washington Metropolitan Area Transit Authority*, No. 15-cv-0844 (KBJ), 2018 U.S.
Dist. LEXIS 211470, *4 (D.D.C. Dec. 17, 2018) (quoting *Pioneer Investment Services Company*,
507 U.S. at 395) (internal quotation marks omitted).  In consideration of these factors, the Court
should grant this motion.

## ARGUMENT

Good cause and excusable neglect supported the requested extension.  First, Plaintiff will
not be prejudiced if this motion is granted because Plaintiff consents to the relief sought.
Granting this motion will benefit Plaintiff and Defendants because neither side has been able to
schedule depositions.  Defendants were in the processes of finalizing a request for production of
documents and interrogatories to Plaintiff when it was brought to undersigned counsel's, Senior
Assistant Attorney General David Jackson's, attention that the fact discovery deadline had
expired.  If this motion is granted, Defendants will promptly serve written discovery on Plaintiff,

and once Defendants receive his written discovery responses, Defendants will be able to depose him.  Defendants have responded to Plaintiff's first set of interrogatories and first set of document requests propounded to them, so Defendants' depositions also have yet to occur.  Each of these depositions needs to take place before expert discovery can begin.

Second, there has been minimal delay in filing this motion as the current deadline for fact discovery was January 9, 2023.  This motion is being filed within a reasonable time; approximately three weeks after the fact discovery deadline and within four days after undersigned counsel for Defendants became aware of the elapsed deadline.  Thus, Defendants have been diligently by promptly filing this motion.

Third, granting this motion should have minimal impact on judicial proceedings.  The only upcoming court matter is a post-discovery status conference scheduled for May 13, 2024 at 11:00 a.m.  And that status conference should be continued by 60 days to correspond with the requested extension of the discovery deadlines.

Fourth, the reason for the delay in meeting the fact discovery deadline was because undersigned counsel mistakenly thought that May 10, 2024 was the deadline to complete all discovery, not just expert discovery.  Consequently, only the May 10 date was placed in the OAG Civil Division's electronic calendaring system, and the January 9 date was inadvertently overlooked.  This resulted in no notice of the approaching deadline, which would have alerted counsel of the fact discovery deadline.

Fifth, although it was within the control of undersigned to ensure that orders are accurately reviewed and events are timely calendared, the failure to do so here was not intentional.  And undersigned counsel will ensure no additional calendaring errors delay this case.

Lastly, this motion is filed in good faith.  There is no intent to delay the litigation process,

and the parties are cooperating in good faith to meet their discovery obligations.

The above reasons also constitute good cause under Fed. R. Civ. P. 6(b)(1)(A).  *See*

*Mann v. Castiel*, 681 F.3d 368, 375 (D.C. Cir. 2012) (explaining that good cause simply "means

a valid reason for delay").  Thus, Defendants request that the Court issue an order modifying the

scheduling order as follows:

| | |
|---|---|
| Close of Fact Discovery | March 11, 2024 |
| Plaintiff's Expert Identified and Report Due | April 12, 2024 |
| Defendants' Expert Identified and Report Due | May 21, 2024 |
| Close of All Discovery | July 9, 2024 |
| Post-Discovery Status Hearing | TBD |

The above dates are set forth in the proposed order.

## CONCLUSION

For the foregoing reasons, Defendants' respectfully request that their consent motion be

granted and the Court enter the proposed scheduling order that accompanies this motion.

Date: January 31, 2024                              Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Charles J. Coughlin*
CHARLES J. COUGHLIN [1016993]
Chief, Civil Litigation Division, Section IV

/s/ David A. Jackson
DAVID A. JACKSON [471535]
Senior Assistant Attorney General
SARAH T. ABUTALEB [1779979]
Assistant Attorney General
Office of the Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6618 (Direct Line)
(202) 436-2598 (Cell Phone)
(202) 741-8999 (Fax)
davida.jackson@dc.gov
sarah.abutaleb@dc.gov

*Attorneys for Defendants*