UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN BLAIR, <br><br>       *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br>       *Defendants*. | 1:23-cv-01574 (JEB) |

**DEFENDANTS' OPPOSED MOTION FOR EXTENSION OF
TIME TO DESIGNATE EXPERTS AND COMPLETE DISCOVERY**

      Defendants District of Columbia, Lieutenant Justin Roth, Sergeant Fabian Ferrera, and Police Officers Kevin Peralta, Claudy Toussaint, Aaron Smith, and Kenan Thomsias-Bartley, request that this Court issue an order extending their expert deadline and all remaining deadlines by 60 days. *See* Fed. R. Civ. P. 6(b)(1)(A) and (B); Minute Order dated 5/20/2024. Defendants need additional time to determine the experts they will need to designate and the scope of their reports once they have deposed one of Blair's treating physicians and obtained a complete set of medical records from Blair's providers. Defendants are still waiting to receive signed authorization forms from Blair so they can subpoena his relevant medical records. Thus, Defendants anticipate the additional time is necessary to meet the deadline to produce their expert reports.

      In support of this Motion, Defendants submit (1) a Memorandum of Points and Authorities; and (2) a proposed order.

Dated: November 4, 2024                  Respectfully submitted,

                                                   BRIAN L. SCHWALB
                                                   Attorney General for the District of Columbia

        STEPHANIE E. LITOS
        Deputy Attorney General
        Civil Litigation Division

        */s/ Charles J. Coughlin*
        CHARLES J. COUGHLIN [1016993]
        Chief, Section IV

        */s/ Tyler Gerstein*
        TYLER GERSTEIN [1779890]
        Assistant Attorney General
        DAVID A. JACKSON [471535]
        Senior Assistant Attorney General
        400 6th Street, NW
        Washington, D.C. 20001
        202-735-7396 (mobile)
        tyler.gerstein@dc.gov

        *Counsel for Defendants*

## LCvR 7(m) CERTIFICATION

On October 31, 2024, undersigned counsel contacted counsel for Plaintiff by email to seek consent to the relief sought. As of the filing of this motion, Plaintiff has not responded to provide his position. Thus, this motion should be treated as opposed.

        */s/ Tyler Gerstein*
        TYLER GERSTEIN
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN BLAIR,<br><br>   *Plaintiff*,<br> v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>   *Defendants*. | 1:23-cv-01574 (JEB) |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANTS' OPPOSED MOTION FOR
### EXTENSION OF TIME TO DESIGNATE EXPERTS AND COMPLETE DISCOVERY

#### INTRODUCTION

Defendants move the Court for an order extending the remaining deadlines in the Court's July 19, 2024 Minute Order by 60 days. This case arises from an altercation between Blair and Metropolitan Police Department (MPD) officers on the West Lawn of the Capitol on January 6, 2021. Blair has sued the District of Columbia (the District) and six MPD officers through 42 U.S. § 1983 for violation of Constitutional rights, assault and battery, and negligent training and supervision. *See generally* Am. Compl. [11]. Blair claims that he suffered significant physical and mental pain and suffering and disfiguring scars from lacerations to his head, lost income and earnings, and incurred medical costs. *See id.* ¶ 17. The parties are completing fact discovery and in the process of scheduling the remaining depositions.

Defendants' expert disclosures are currently due on November 4, 2024. However, before Defendants can determine which experts, if any, they need to designate, they need to both obtain a complete set of Blair's medical records related to his alleged injuries and depose Blair's treating neurologist to learn about her opinions on Blair's injuries. Defendants must review a

complete set of his medical records before Defendants can determine whether an expert is needed to opine about medical issues. Defendants have been diligently attempting to complete both of these tasks, but through no fault of their own have been unable to. First, Defendants are still waiting for Blair to sign medical authorization forms, which he agreed to sign months ago. Second, it took many weeks to get into contact with counsel for Kaiser, the facility where Blair's neurologist works, and Defendants are still waiting to hear back from Kaiser's counsel regarding the neurologist's availability for deposition. Additional time is therefore needed to obtain the records and depose the neurologist before Defendants' deadline to disclose their experts.

## LEGAL STANDARD

Fed. R. Civ. P. 6(b)(1) provides that:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . .

Similarly, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 143 (D.D.C. 2013) ("[D]istrict court case law makes clear that once the court enters a scheduling order, that schedule can only be modified with the court's consent and with good cause shown.") (citing cases).

## ARGUMENT

Defendants file this motion before their current expert deadline, which is November 4, 2024, and good cause supports this request.

*First*, Defendants need to depose at least one of Blair's treating physicians, a neurologist. After Defendants deposed Blair, they determined based on that testimony the need to depose the neurologist. Defendants had initially reached out to Blair's counsel to obtain the neurologist's

2

availability for a deposition and are waiting for a response. Eventually, Blair's counsel said that he was unable to get in contact with counsel for Kaiser, the facility where the neurologist works, and that Defendants would need to contact Kaiser themselves. Still, it took weeks for undersigned counsel to reach counsel for Kaiser. And undersigned counsel is still waiting to hear back from Kaiser's counsel with proposed dates that the neurologist is available to be deposed.

*Second*, Defendants need an opportunity to review complete sets of Blair's medical records before they can determine whether they need a medical expert. While Defendants diligently issued discovery requests in February 2024, which included a request for Blair to sign an authorization form, they have not yet received signed releases to obtain complete sets of Blair's medical records. After the parties conferred by email, Blair's counsel represented that Blair will sign an authorization form for his medical providers. Specifically, Blair was treated at George Washington University Hospital on January 6, 2021, and he then sought additional treatment through Kaiser. Although Blair provided some medical records in his document production, Defendants cannot confirm the records are complete until they receive records directly from the providers. But Blair has still not produced signed authorization forms despite his attorney's representations that he will do so. Once Defendants obtain signed authorizations, they will promptly prepare and serve subpoenas. Based on Defendants' review of these records, Defendants may have Blair undergo an independent medical exam by a neurologist and have a medical expert prepare a report. If Defendants ultimately determine the need for an expert, additional time is needed to formally retain the expert, schedule the independent medical exam, and have the expert produce the report.

Blair will not be prejudiced by the requested extension. Defendants anticipate that this requested extension will provide sufficient time to depose the neurologist, subpoena the medical providers, and designate experts. And Defendants' requested extension favors adjudication on the merits by allowing Defendants necessary time to finalize expert reports to defend themselves at trial. There is no pretrial conference or trial date scheduled. This is Defendants' fourth motion to extend discovery deadlines.

Accordingly, Defendants attach a proposed order for the Court's consideration and ask that the scheduling order be modified as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Defendants' Rule 26(a)(2) Expert Disclosures | November 4, 2024 | January 3, 2025 |
| Close of Expert and Fact Discovery | December 19, 2024 | February 17, 2025 |
| Post-Discovery Status Conference | January 3, 2024 at 11:00 a.m. EST | TBD |

## CONCLUSION

For these reasons, Defendants' opposed motion to extend their expert deadline should be granted, Defendants' expert deadline should be continued by 60 days, and the discovery deadline and post-discovery status conference should be continued accordingly.

Dated: November 4, 2024

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Charles J. Coughlin*
CHARLES J. COUGHLIN [1016993]
Chief, Section IV

*/s/ Tyler Gerstein*
TYLER GERSTEIN [1779890]

4

Assistant Attorney General
DAVID A. JACKSON [471535]
Senior Assistant Attorney General
400 6th Street, NW
Washington, D.C. 20001
202-735-7396 (mobile)
tyler.gerstein@dc.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID ALAN BLAIR,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

1:23-cv-01574 (JEB)

## ORDER

Upon consideration of Defendants' Opposed Motion for Extension of Time to Designate Experts and Complete Discovery, and the entire record, it is this \_\_ day of _____, 2024,

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that the scheduling order is modified as follows:

| Event | Former Deadline | New Deadline |
| --- | --- | --- |
| Defendants' Rule 26(a)(2) Expert Disclosures | November 4, 2024 | January 3, 2025 |
| Close of Expert and Fact Discovery | December 19, 2024 | February 17, 2025 |
| Post-Discovery Status Conference | January 3, 2024 at 11:00 a.m. EST | TBD |

**SO ORDERED.**

_____
HON. JAMES E. BOASBERG
United States District Court for
the District of Columbia